UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILAGROS GONZALEZ,<br>Plaintiff,<br>v.<br>KARALINDA AGUILAR,<br>Defendant. | No. 2:26-cv-02966-DJC-AC<br><br>ORDER |

This is an unlawful detainer action brought under California state law by Plaintiff Milagros Gonzalez against Defendant Karalinda Aguilar. On Wednesday, September 2, 2026, Defendant filed a Notice of Removal in federal court, seeking to remove this action from Sacramento County Superior Court. (Notice of Removal (ECF No. 1).)

A district court has "a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not." *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). The removal statute, 28 U.S.C. § 1441, is strictly construed against removal jurisdiction. *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010); *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). It is presumed that a case lies outside the limited jurisdiction of the federal courts, and the burden of establishing the contrary rests upon the party asserting

jurisdiction. *Geographic Expeditions*, 599 F.3d at 1106–07; *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). In addition, "the existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." *ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality*, 213 F.3d 1108, 1113 (9th Cir. 2000). "The strong presumption against removal jurisdiction" means that "the court resolves all ambiguity in favor of remand to state court." *Hunter*, 582 F.3d at 1042; *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). That is, federal jurisdiction over a removed case "must be rejected if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions*, 599 F.3d at 1107; *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *Gaus*, 980 F.2d at 566. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see Gibson v. Chrysler Corp.*, 261 F.3d 927, 932 (9th Cir. 2001). Remand under 28 U.S.C. § 1447(c) "is mandatory, not discretionary." *Bruns v. NCUA*, 122 F.3d 1251, 1257 (9th Cir. 1997); *see also California ex. rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004).

Defendant suggests that removal is proper based on the basis of federal question jurisdiction. (Notice of Removal at 2–5.) Defendant states that removal is proper based on Defendant's claims, raised in the Answer, that Plaintiff violated federal law. (*Id.* ¶¶ 8–11.) "The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *California v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000) (citation omitted) (quoting *Audette v. Int. Longshoremen's & Warehousemen's Union*, 195 F.3d 1107, 1111 (9th Cir. 1999)); *see also Dynegy*, 375 F.3d at 838; *Duncan*, 76 F.3d at 1485. Under the well-pleaded complaint rule, courts look to what "necessarily appears in the plaintiff's statement of his or her own claim in the bill or declaration, unaided by anything in alleged anticipation of avoidance of defenses which it is

thought the defendant may interpose." *California*, 215 F.3d at 1014 (cleaned up). Accordingly, "a case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987); *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002); *see also Vaden v. Discover Bank*, 556 U.S. 49, 70 (2009) ("It does not suffice to show that a federal question lurks somewhere inside the parties' controversy, or that a defense or counterclaim would arise under federal law.").

Here, Defendant has not shown that removal of this action to this federal court is appropriate. Plaintiff's Complaint is a straightforward unlawful detainer action that is based entirely on state law. A federal claim is not raised in the complaint. (Notice of Removal at 14–16.) "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *California*, 215 F.3d at 1014. The cause of action brought by Plaintiff here is plainly based on state law. Defendant's reliance on federal law in defending against Plaintiff's state law claims does not suffice to confer jurisdiction on this Court because the defensive invocation of federal law cannot form the basis of this Court's jurisdiction. *See Vaden*, 556 U.S. at 70; *Caterpillar*, 482 U.S. at 392; *Wayne*, 294 F.3d at 1183; *California*, 215 F.3d at 1014. Because there is no federal question appearing in Plaintiff's Complaint in this case, removal on the basis of federal question jurisdiction is improper.

Because there is no federal question appearing in Plaintiff's Complaint, Defendant has failed to properly invoke this Court's jurisdiction. Remand to the Sacramento County Superior Court is therefore appropriate and mandatory. 28 U.S.C. § 1447(c); *Konrad v. Williams*, 2021 WL 3159811 (E.D. Cal. June 2, 2021) (remanding an unlawful detainer action to state court where the defendant claimed the action involved the Fair Housing Act but no such claim was raised in the complaint.)

////

Accordingly, IT IS HEREBY ORDERED that this case is REMANDED to Sacramento County Superior Court for all future proceedings.

IT IS SO ORDERED.

Dated: **September 3, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE